[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The defendant has moved to strike the plaintiffs petition for a declaratory judgment ruling, dated September 4, 2001, on the ground that the plaintiff has failed to comply with the notice requirement of Practice Book § 17-56(b) by failing to provide notice to three parties alleged to have an interest in the dispute: i.e., the attorney general, the state board of labor relations and the state board of mediation and arbitration.
Practice Book § 17-56(b) prescribes the procedure for declaratory judgment. It states, in relevant part, that "[a]ll persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof." Practice Book §17-56(c) provides that "[t]he exclusive remedy for nonjoinder or failure to give notice to interested persons is by motion to strike as provided in Sections 10-39 and 10-44."
Practice Book § 17-56(b) provides that the attorney general is an interested party in a declaratory action "if the proceeding involves the validity of a state statute." While this proceeding does involve a statute, General Statutes § 29-260, regarding the appointment and removal of a municipal building official, it in no way challenges that statutes validity. Rather, at issue in the present case is whether the plaintiffs chief executive officer acted within his statutory rights conferred by § 29-260, when he failed to reappoint. and subsequently dismissed the municipal building official. In seeking a declaratory judgment that the chief executive officer was acting within the scope of the statute, the plaintiff tacitly acknowledges that statutes validity. Furthermore, the defendant also does not challenge the statute's validity, but only questions the statute's applicability to the present matter. (Defendant's Memorandum of Law in Support of Motion to Strike, CT Page 12088 p. 1.)
Practice Book § 10-39(b) provides: "A motion to strike on the ground of . . . noncompliance with Section 17-56 (b) must give the name and residence of the missing party or interested person or such information as the moving party has as to the identity and residence of the missing party or interested person and must state the missing party'sor interested person's interest in the cause of action." (Emphasis added.)
The defendant's conclusory statement that the state board of labor relations (SBLR) and state board of mediation and arbitration (SBMA) have a "deep, direct and immediate interest in this matter" does not satisfy the requirements for establishing an interested party. (Defendant's Memorandum, p. 3.) In Silver v. Birmingham, Superior Court, judicial district of Hartford, Docket No. CV 00 0801333 (June 25, 2001, Peck,J.), the court denied the defendant's motion to strike on the ground of insufficient notice because there was no factual basis for the conclusion that the parties the defendant alleged should have received notice were actually interested parties.
The SBLR has been vested with the authority to construe the provisions of the Municipal Employees Relations Act (MERA), General Statutes §7-467 et seq., and determine the rights of collective bargaining units and employers. General Statutes § 7-471. The present dispute does not fall within the provisions of MERA or the collective bargaining process but, rather is a question of statutory municipal law.
Pursuant to the parties' collective bargaining agreement (Agreement), the plaintiff agreed that issues relating to the interpretation and application of the Agreement may be submitted to the SBMA for arbitration. (Agreement, § 10-1.) The defendant therefore asserts that the court's ruling "will effect all contract interpretations engaged in by SBMA in its capacity as arbitrator of collective bargaining agreements." (Defendant's Memorandum, p. 3.) This dispute does not fall within any provision of the Agreement and is based upon the interpretation of a statute.
Accordingly, the Motion to Strike is denied.
RUSH, J. CT Page 12089